UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH C.,[1]

          Plaintiff,

    v.                                                                  20-CV-1599-LJV
                                                                              DECISION & ORDER
COMMISSIONER OF SOCIAL
SECURITY,

          Defendant.
_____

        The plaintiff, Joseph C., is a prevailing party in this Social Security benefits

action.  His counsel has moved for attorney's fees under 42 U.S.C. § 406(b)(1)(A).

Docket Item 21.  The defendant, the Commissioner of Social Security, "neither supports

nor opposes" the motion, instead saying that "[i]t is for the Court to decide if the request

for attorney's fees . . . is reasonable under the law."  Docket Item 23 at 2.

        Section 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant under this
> subchapter who was represented before the court by an attorney, the court
> may determine and allow as part of its judgment a reasonable fee for such
> representation, not in excess of 25 percent of the total of the past-due
> benefits to which the claimant is entitled by reason of such judgment, and
> the Commissioner of Social Security may, notwithstanding the provisions of
> section 405(i) of this title, but subject to subsection (d) of this section, certify
> the amount of such fee for payment to such attorney out of, and not in
> addition to, the amount of such past-due benefits.  In case of any such
> judgment, no other fee may be payable or certified for payment for such
> representation except as provided in this paragraph.

_____

    [1] To protect the privacy interests of Social Security litigants while maintaining
public access to judicial records, this Court will identify any non-government party in
cases filed under 42 U.S.C. § 405(g) only by first name and last initial.  Standing Order,
Identification of Non-government Parties in Social Security Opinions (W.D.N.Y. Nov.
18, 2020).

Joseph C. was awarded $133,023.00 in past-due benefits.  Docket Item 21-3 at 2-3 (notice of award of $117,333.00 in past-due benefits); Docket Item 21-4 at 1-2 (notice of award of $15,690.00 in past-due child benefits).[2]  His counsel seeks $32,893.50 in fees, which is just under 25% of the past-due benefits and therefore consistent with the contingent-fee agreement that provides for attorney's fees in the amount of 25% of any recovery.  Docket Item 21; Docket Item 21-7 (fee agreement).

Having reviewed counsel's fee request and supporting documentation, this Court finds that the requested fee is reasonable based on counsel's experience in Social Security law, the character of the representation provided, and the favorable results achieved.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).  Moreover, there is no indication that this fee is a windfall.[3]  *Id.*  The $32,893.50 fee request therefore is granted under 42 U.S.C. § 406(b)(1)(A).

---

[2] Each notice of award stated the amount of past-due benefits that would be sent to Joseph C. directly as well as the amount of past-due benefits that would be withheld for a possible representative's fee.  *See* Docket Item 21-3 at 2-3; Docket Item 21-4 at 1-2.  Therefore, the total amount of past-due benefits awarded to Joseph C. includes the amounts that he received—$88,362.00, Docket Item 21-3 at 2, and $11,767.50, Docket Item 21-4 at 1—and the amounts that were withheld—$28,971.00, Docket Item 21-3 at 3, and $3,922.50, Docket Item 21-4 at 2—which equals $133,023.00.

[3] The Second Circuit recently clarified the factors that a court should consider when analyzing "whether a requested fee would result in a 'windfall.'"  *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022).  Those factors are: (1) "the ability and expertise of the lawyers and whether they were particularly efficient"; (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level"; (3) "the satisfaction of the disabled claimant"; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result."  *Id.* at 854-55.  Here, consideration of those factors leads this Court to conclude that the fee request of $32,893.50 will not result in a windfall.

This Court recognizes that the fee here constitutes an hourly rate of about $1,000, *see* Docket Item 21-1 at 10—high by Western New York standards.  But the precedent cited in counsel's fee application and the incentive necessary for counsel to take contingency-fee cases weigh in favor of approving the fee here.  *See Gisbrecht*,

By stipulation approved and ordered on November 24, 2021, this Court previously awarded Joseph C.'s counsel $6,500.00 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Docket Items 19 and 20.  Because the fees granted above exceed the EAJA fees, Joseph C.'s counsel must refund the EAJA fees to him.  *See Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988).

## ORDER

In light of the above,

IT IS HEREBY ORDERED that the plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b)(1)(A) in the amount of $32,893.50, Docket Item 21, is GRANTED; and it is further

ORDERED that Joseph C.'s counsel shall refund the $6,500.00 in EAJA fees to Joseph C. within 14 days of the entry date of this decision and order.


SO ORDERED.

Dated:      July 15, 2024
            Buffalo, New York


            */s/ Lawrence J. Vilardo*
            LAWRENCE J. VILARDO
            UNITED STATES DISTRICT JUDGE

---

535 U.S. at 808 (noting that "a record of the hours spent representing the claimant" can be used by the court "as an aid to [its] assessment of the reasonableness of the fee yielded by the fee agreement"); *see also Fields*, 24 F.4th at 854 ("[E]ven a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case.").